UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHARLES FRANKLIN,            )
                             )
            Movant,          )
                             )
    v.                       )    No.  4:02-CV-1649 (CEJ)
                             )
UNITED STATES OF AMERICA,    )
                             )
            Respondent.      )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion and supplemental motion of Charles Franklin to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255.[1] The United States has filed a response, and the issues are fully briefed.

**I.  Background**

On August 26, 1999, an indictment was filed charging Franklin with possessing with intent to distribute more than 50 grams of cocaine base (Count I), heroin (Count II) and cocaine (Count III), all in violation of 21 U.S.C. § 841(a)(1).[2] Following arraignment,

---

[1] Franklin's supplemental motion contains some of the same claims he raises in his original motion.  The Court will address the supplemental motion only to the extent of the new claims it contains.  Also, Franklin submits two proposed amendments to the motion that set forth a claim that defense counsel failed to call an alibi witness [Doc. #10] and a claim based on Blakely v. Washington, 542 U.S. 296 (2004)[Doc. #13].  For the reasons discussed above, the Court will deny leave to file the amendments.

[2] The indictment also charged Franklin with possessing a firearm during and in relation to a drug trafficking crime (Count IV), in violation of 18 U.S.C § 924(c).  However this charge was dismissed by the government before trial.

Franklin, through his attorney, filed a number of pretrial motions, including motions to suppress statements and physical evidence. Following an evidentiary hearing, a magistrate judge recommended that Franklin's suppression motions be denied. Franklin did not file objections, and the recommendation was adopted by the Court.

The case was tried to a jury, and on March 3, 2000, Franklin was found guilty on all counts. He was sentenced on July 7, 2000 to concurrent terms of imprisonment of 240 months. The conviction and sentence were affirmed on appeal. United States v. Franklin, 250 F.3d 653 (8th Cir. 2001). Franklin's petition for a writ of certiorari was denied by the United States Supreme Court. Franklin v. United States, 534 U.S. 1009 (2001).

The facts of this case are set forth in the appellate court's opinion and will not be recited in full here. However, the Court will refer to the facts as they pertain to Franklin's present claims.

**II. Discussion**

    **A. Ineffective Assistance of Counsel**

As grounds for relief, Franklin claims that he was denied effective assistance of counsel, in violation of the Sixth Amendment. To prevail in a claim of ineffective assistance of counsel, a movant must show (1) that his attorney's performance fell below an objective standard of reasonableness and (2) that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668,

687 (1984). To establish the first prong, the movant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. To establish the second prong, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In the instant motion, Franklin asserts that he was denied effective assistance of counsel as follows:

**1. Failure to call witnesses at suppression hearing**

At the suppression hearing, the government presented testimony establishing that the police arrested Franklin at the foot of the rear entrance to a house located at 4753 Northland in St. Louis. Franklin claims that he was denied effective assistance by reason of his attorney's failure to call witnesses to testify at the suppression hearing. He asserts that the witnesses would have testified that he was inside the house when the police entered, without probable cause, and arrested him.

Franklin was represented at the suppression hearing and at trial by Bradley S. Dede. At trial, Mr. Dede attempted to present the testimony of Harold Berry, who was inside the house, but Mr. Berry invoked his Fifth Amendment right not to testify. He also attempted to present the testimony of Brenda Perkins, who was subpoenaed and who was in attendance for the first two days of the

trial. However, when she was called to testify on the last day of the trial, Ms. Perkins did not appear and could not be found, despite efforts by defense counsel and the Marshals Service to locate her.

Mr. Dede was successful in calling witnesses Kerry Dillon, Charles Hamm and Steven Hurst at trial, all of whom testified that Franklin was inside the house when the police arrived. However, their testimony conflicted with respect to the police officers' entry into the house and as to how and when the bag containing the controlled substances was brought inside the house. Additionally, it was established that Mr. Hamm is Franklin's father and that both Mr. Dillon and Mr. Hurst had prior felony convictions.

Under Strickland, there is a "strong presumption" that strategic decisions made by defense counsel fall "within the range of reasonable professional assistance." Strickland, 466 U.S. at 689. Moreover, "[d]ecisions relating to witness selection are normally left to counsel's judgment, and 'this judgment will not be second-guessed by hindsight.'" Williams v. Armontrout, 912 F.2d 924, 934 (8th Cir. 1990)(en banc)[quoting Frank v. Brookhart, 877 F.2d 671, 674 (8th Cir.1989), cert. denied, 493 U.S. 1027, 110 S.Ct. 736, 107 L.Ed.2d 754 (1990)]. In the instant case, Mr. Dede states in an affidavit that he decided not to call the witnesses at the suppression hearing because doing would have given the government pretrial knowledge of the testimony and thereby risked

4

undermining Franklin's defense at trial. The Court finds that this was a reasonable strategic decision.

Even if Franklin were able to establish that Mr. Dede's performance in this regard was deficient, he still cannot show that he was prejudiced. Had the defense witnesses' testimony been presented at the suppression hearing, it would have conflicted with the government's evidence. In that circumstance, it would have been up to the Court to assess the credibility of all the witnesses. Mr. Hamm's familial relationship to Franklin, the prior felony convictions of Mr. Dillon and Mr. Hurst, and the inconsistencies between the testimony of all three are factors that would have been considered by the Court in assessing credibility and that would have detracted from the witnesses' credibility. Franklin has not shown that the Court would have granted his motions to suppress evidence and statements had the testimony of his witnesses been presented at the motion hearing. As such, he suffered no prejudice.

2. **Failure to prepare for trial and properly cross-examine witnesses**

Franklin alleges that Mr. Dede met with him only twice before the trial and that he did not effectively cross-examine the government's witnesses about inconsistent testimony they gave at an earlier trial. Franklin was represented by Mr. Dede in a trial before the St. Louis City Circuit Court that was based on the same events underlying the subsequent federal prosecution. The state

5

court proceedings ended in a mistrial. Franklin has submitted with his § 2255 motion a copy of the state court trial transcript.

Contrary to Franklin's assertions, the testimony of the police officers at the federal trial was not inconsistent with their testimony at the state trial. In both trials, the arresting officer testified that he gave the Miranda warnings to Franklin.[3] Additionally, neither officer testified that Mr. Hamm gave consent to search the house before the officers entered it. As reflected in the Eighth Circuit's opinion, at the federal trial, Mr. Dede "made a sustained attack on Officer Johnson in an attempt to elicit inconsistent statements and to diminish the impact of his testimony," and "[i]n this attack, [Mr. Dede] repeatedly questioned Officer Dolan as to whether he could see the residence's rear door from the corner of the building." United States v. Franklin, 250 F.3d at 660. Additionally, the Eighth Circuit wrote that "[t]hroughout cross-examination and during closing arguments, [Mr. Dede] made several attacks on the propriety of the police action on the night in question, the competency of the officers involved in [Franklin's] arrest, and the perceived state of corruption within law enforcement in general." Id.

Despite the aggressive defense mounted by Mr. Dede, the jury found the testimony of the government's witnesses credible. Further, Mr. Dede, having represented Franklin at the earlier state

---

[3] Miranda v. Arizona, 384 U.S. 436, 479 (1966).

6

court trial, knew what the police officers' testimony would be at the federal trial. Franklin has not shown a reasonable probability that additional meetings or further investigation by Mr. Dede would have resulted in a different outcome.

**3. Failure to correct false or misleading testimony**

Franklin asserts that Mr. Dede knew that the testimony presented by the police officers was false yet he failed to correct it. As discussed above, Mr. Dede vigorously cross-examined the police officers and he called witnesses to testify in Franklin's defense. Thus, the jury had both the government's version of the events and that of the defense. Ultimately, the jury determined that the government's evidence was credible and that it established Franklin's guilt beyond a reasonable doubt. The jury's determination does not establish defense counsel's ineffectiveness.

**4. Failure to investigate**

The government presented evidence at trial that the police seized a handgun from the waistband of Franklin's pants when they arrested him outside the house. In his motion, Franklin argues that Mr. Dede failed to present evidence that the gun was found in a soiled toilet inside the house. Specifically, he asserts that Mr. Dede should have had laboratory tests performed to prove that the gun had been in the toilet. Even if laboratory tests could have determined the presence of urine or fecal matter on the gun, such tests would not automatically negate the government's

7

evidence. Indeed, the jury's determination of whether the gun was in Franklin's waistband when he was outside the house did not depend on whether or not it was soiled.

At trial, Mr. Hurst testified that just before the police entered the house, he and Franklin were sitting in the front room, eating and watching television, and that Mr. Hamm was on the telephone. Mr. Hamm testified that he was sitting next to Franklin while talking on the phone to Mr. Franks, and that he hung up when the police entered. Mr. Dede sought to call Mr. Franks as a witness, but the government moved to preclude his testimony. In an offer of proof, Mr. Dede stated that Mr. Franks would testify that he was on the telephone with Mr. Hamm when the police entered the house. See Trial Transcript, vol. III, pp. 428-429. When asked whether Mr. Franks would also testify that Franklin was involved in the telephone conversation, Mr. Dede responded, "No. That Mr. Franklin was not on the phone." Id. at p. 429.

Franklin now asserts that he was talking on the phone to Mr. Franks "just minutes before the intrusion into the home by law enforcement." Section 2255 Motion, p. 35. He argues that Mr. Dede was unaware of this evidence due to his failure to conduct a thorough investigation. Franklin has not submitted an affidavit or other statement from Mr. Franks that would support his assertion as to what Mr. Franks' testimony would have been. Additionally, the testimony of both Mr. Hamm and Mr. Hurst squarely contradicts Franklin's claim that he was on the phone with Mr. Franks. Mr.

Dede cannot be faulted for not presenting evidence that would have further detracted from the credibility of the defense witnesses.

Franklin next argues that his attorney failed to determine whether he could avoid the effect of the enhanced penalty under 21 U.S.C. §§ 841(b)(1)(A) and 851.[4] Franklin's counsel challenged the applicability of the enhancement at sentencing and on appeal, both times without success.  See United States v. Franklin, 250 F.3d at 665.  Thus, the facts do not support Franklin's assertion.

At the basis of all of Franklin's failure to investigate allegations appears to be his complaint that he was not represented at trial by the attorney he hired, Charles Shaw, but instead by Mr. Dede, an attorney in Mr. Shaw's office.  Franklin does not state what he believes Mr. Shaw would have done differently, nor does he show a reasonable probability that the outcome would have been different if the case had been handled by someone other than Mr. Dede.  Further, as discussed above, because it was Mr. Dede who represented Franklin at the state court trial no other attorney would have had greater familiarity with the facts of the case.

### B.  Supplement to Motion

In the supplement to his motion, Franklin contends that he was denied effective assistance of counsel by reason of Mr. Dede's failure to argue that his fingerprints were not found on the bag containing the controlled substances.  The trial transcript reveals

---

[4] Franklin was represented by Neil Bruntrager at sentencing, following the withdrawal of Mr. Dede.

9

that Mr. Dede elicited testimony from the government's expert witness that no fingerprint tests were performed. Franklin does not contend that there was, in fact, evidence that his fingerprints were not on the bag nor does he show a reasonable probability that such evidence, if it existed, would have affected the outcome of the trial.

Franklin next asserts that Mr. Dede failed to argue that from their vantage point the police officers could not have seen Mr. Berry, one of the occupants in the house, in possession of a revolver as they testified. This assertion is belied by the transcript which shows that Mr. Dede presented evidence of the interior layout of the house and argued that it was not possible for the officers to see Mr. Berry from the doorway. Trial Transcript, vol. III, p. 492.

Franklin's claims that the government failed to provide notice of its intention to seek an enhanced sentence under 21 U.S.C. § 851 and that the jury was improperly instructed could have been presented in the appeal of his conviction. A motion to vacate under § 2255 is not a substitute for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982); see also Love v. Tippy, 128 F.3d 1258, 1259 (8th Cir. 1997). Nevertheless, the record shows that notice of the enhancement was filed by the government and served on defense counsel six days before the trial began. Further, the instructions given to the jury accurately stated the law applicable

to the case, and Franklin has not identified any different or additional instructions that should have been given.

Franklin's final claim is the prosecutor made an improper argument when he referred to the revolver in Mr. Berry's possession. The same issue was presented on appeal and was rejected. United States v. Franklin, 250 F.3d at 661-662. The Court will not reconsider the issue here.

### C. **Motions for leave to amend**

Franklin has requested that he be allowed to amend his § 2255 motion by adding a claim of ineffective assistance of counsel by reason of his attorney's failure to call Clarence Ballard to testify that Franklin was inside the house when the police entered. As discussed above, Mr. Dede called three witnesses who testified as to Franklin's whereabouts. Failure to call a witness whose testimony would be merely cumulative does not establish ineffective assistance of counsel.

Franklin also moves to amend his motion to include a claim based on Blakely v. Washington, 542 U.S. 296 (2004). Franklin's conviction became final in 2001. The Eighth Circuit has held that neither Blakely nor United States v. Booker, 543 U.S. 220 (2005) is retroactively applicable on collateral review. Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005) (per curiam).

Because of the futility of the claims Franklin seeks to add to his motion, his motions for leave to amend will be denied.

**III. <u>Conclusion</u>**

For the reasons discussed above, the Court concludes that Franklin is not entitled to the relief he seeks. Accordingly,

**IT IS HEREBY ORDERED** that the motion and supplemental motion of Charles Franklin to vacate, set aside, or correct sentence [Doc. # 1] are **denied.**

**IT IS FURTHER ORDERED** that movant's motions for leave to amend and to add an additional issue [Doc. ## 10 & 13] are **denied**. The Court finds that the movant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2).

```
                                    _____
                                    CAROL E. JACKSON
                                    UNITED STATES DISTRICT JUDGE
```

Dated this 5th day of January, 2006.